2009 BNH 019
_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re:                                                                Bk. No. 07-10538-JMD
                                                                      Chapter 13
David B. Smith and
Susan L. Smith,
            Debtors


*Richard D. Gaudreau, Esq.*
*Richard D. Gaudreau, Attorney at Law, P.C.*
*Salem, New Hampshire*
*Attorney for Debtor*

*Charles W. Gallagher, Esq.*
*Haughey, Philpot & Laurent, P.A.*
*Laconia, New Hampshire*
*Attorney for BAC Home Loans Servicing, L.P.*


## MEMORANDUM OPINION AND ORDER

**I. INTRODUCTION**

The Court has before it the Debtors' Assented Emergency Motion for Approval of Loan Modification of Existing Mortgage Loan on Home (Doc. No. 59) (the "Motion"). The Debtors request that the Court approve a loan modification on their home mortgage with BAC Home Loans Servicing, L.P. ("BAC").[1]  BAC has agreed to a loan modification (the "Modification") with the Debtors that reduces the Debtors' mortgage payment for three years and adds the present arrearages to the principal loan amount. The Court held a hearing on the Motion on July 15, 2009. BAC is seeking court approval of the Modification because it is modifying a home

---

[1] BAC was formerly Countrywide Home Loans Servicing, L.P., which is now owed by Bank of America. For simplicity, the Court uses "BAC" in this opinion.

mortgage loan with a debtor in bankruptcy, and BAC wants assurance that the Court does not disapprove of or find any fault with the Modification under applicable federal bankruptcy law or procedure.  BAC's concerns arise because it signs agreements with debtors in many districts throughout the country, each of which may have different standards and processes for approving these types of agreements.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.).  This is a core proceeding in accordance with 28 U.S.C. § 157(b).

**II.  FACTS**

The Debtors filed for chapter 13 bankruptcy in March 2007.  BAC filed a motion for relief from the automatic stay in February 2009.  The hearing on the motion for relief was continued several times so the Debtors could apply for, and the parties could negotiate, a loan modification agreement.  Finally, on July 10, 2009, the parties filed the Motion and asked the Court to approve the Modification because BAC inserted language in the Modification that the Debtors "must secure court approval before the loan modification can be completed."  The parties also asked for expedited treatment because BAC's offer on the loan modification is only valid for 30 days from June 18, 2009.  If the Debtors do not obtain court approval and return the documents by July 18, 2009, BAC will automatically cancel the offer.

At the hearing on the Motion, BAC could not identify any applicable law or rule which requires approval of the Modification itself.  The parties stated that they were effectively seeking

comfort that the Court does not find any problems or fault with the Modification or its terms. The parties also conceded that the Modification itself does not present any dispute on which the Court can rule.

### III. DISCUSSION

The Motion seeks court approval only because BAC insists on court approval for the Modification and not because of any dispute or controversy. Neither the parties, nor the terms of the Modification, can confer jurisdiction on this Court, however.

The bankruptcy courts are units of the federal district court. 28 U.S.C. § 151. "The jurisdiction of federal courts is defined and limited by Article III of the Constitution." Flast v. Cohen, 392 U.S. 83, 94 (1968). Under Article III, federal courts' judicial power is restricted to "cases" and "controversies." U.S. Const. Art. III, § 2; Flast, 392 U.S. at 94. As a result, the core Article III limitation on federal judicial power is that federal courts cannot issue advisory opinions. Indeed, "the oldest and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions." Flast, 392 U.S. at 96 (quoting Charles Alan Wright, Federal Courts 34 (1963)); see also Golden v. Zwickler, 394 U.S. 103, 108 (1969) (federal courts "do not render advisory opinions"); Am. Postal Workers Union v. Frank, 968 F.2d 1373 (1st Cir. 1992) (absent a case or controversy under Article III, plaintiff lacked standing); In re Ouellette, 2005 BNH 020 (declining to issue an advisory opinion to confirm that real estate was properly abandoned for title insurance purposes because there was no legal or factual dispute for the court to resolve).

The prohibition against advisory opinions serves the policies of preserving the separation of powers by keeping courts out of the legislative process, conserving judicial resources by avoiding unnecessary judicial review, and ensuring that cases are presented to courts as specific disputes with precisely framed issues and arguments, not hypothetical legal questions.  See Erwin Chemerinsky, Federal Jurisdiction § 2.2, at 49 (5th ed. 2007).

One of the two generally accepted standards for a case to be justiciable (and not an advisory opinion) is that the case involves an actual dispute between adverse litigants.[2]  See, e.g., Muskrat v. United States, 219 U.S. 346 (1911).  The "actual dispute" requirement generally prohibits federal courts from rendering opinions when the interests of the parties to the lawsuit are not truly adverse.  If the parties' interests are not adverse, then a decision either way will not have any affect on the parties' conduct.  Thus, the court's decision does nothing to change the status quo, and the court is not exercising its judicial function in any meaningful way.

In a bankruptcy proceeding, disputes are resolved through the commencement of an adversary proceeding or a contested matter, depending on the nature of the dispute.  See Fed. R. Bankr. P. 7001, 9014.  Unless the Bankruptcy Code requires the filing of an application, the parties must request resolution of a contested matter by motion.  Fed. R. Bankr. P. 9014(a).  Here, the parties are asking the Court to review and approve the Modification when both parties already agree to the terms.  Therefore, their interests are not adverse, and any opinion the Court renders would be advisory.  By itself, an agreement to approve a mortgage loan modification presents no case or controversy.  Absent a dispute between the parties, or a requirement of

---

[2] Although not relevant for this decision, the other standard for justiciability is that a federal court decision in one claimant's favor will have some effect.  See, e.g., Hayburn's Case, 2 U.S. (2 Dall.) 409 (1792).

4

applicable law, there is no contested matter and the Motion is simply seeking an advisory opinion of the Court.  However, a loan modification agreement may be approved by the Court when it is presented in connection with the need for the bankruptcy court to resolve a dispute or take action otherwise required under the Bankruptcy Code.  While many circumstances may require the Court to consider the appropriateness of a loan modification agreement, there are three common situations when such approval is both appropriate and avoids having the Court render an advisory opinion.

First, if the agreement resolves a motion for relief by serving as the parties' stipulation, then the agreement serves as a settlement of an actual dispute the same as any other settlement agreement in a traditional lawsuit.  Motions for relief are contested matters involving adverse litigants with opposing interests.  See Fed. R. Bankr. P. 4001(a), 9014.  The adversarial nature of motions for relief qualify those proceedings as "cases" or "controversies" that meet the Article III constitutional requirements for justiciability.  See 10 Lawrence P. King, Collier on Bankruptcy ¶ 9014.01, at 9014-2 (Alan N. Resnick & Henry J. Sommer eds., 15th rev. ed. 2009) ("Contested matters resemble adversary proceedings in that there are (at least) two parties who are opposing each other with respect to relief sought by one of them.").

Second, the Court may review a loan modification in the context of plan confirmation because a secured creditor can agree to different treatment of its claim in a debtor's plan. Secured creditors can always accept less than what they are entitled to demand under their

pre-petition contract with the debtor. Under § 1322(b)(2),[3] a debtor's plan may not modify a secured creditor's claim secured only by the debtor's principal residence. But nothing prevents a secured creditor from consenting to the modification of its claim. See 11 U.S.C. § 1325(a)(5)(A); Flynn v. Bankowski (In re Flynn), 402 B.R. 437, 442 (B.A.P. 1st Cir. 2009). A debtor's proposed chapter 13 plan could include some agreed-upon different treatment for a secured creditor, and a court can still confirm the plan because one of the three options to confirm plans involving allowed secured claims is that "the holder of such [a] claim has accepted the plan." 11 U.S.C. § 1325(a)(5)(A). Indeed, a recurring implicit theme in chapter 13 is that secured creditors are free to waive protections given to them under the Bankruptcy Code. Cf. Cukierman v. Mechanics Bank of Richmond (In re J.F. Hink & Son), 815 F.2d 1314, 1317-18 (9th Cir. 1987) (statutory prohibition against modification of unexpired leases based on a debtor's assumption or rejection was a prohibition that could be waived by those for whose benefit it was enacted); 8 Collier on Bankruptcy ¶ 1325.06[2], at 1325-30 (explaining that acceptance under § 1325(a)(5)(A) as an "alternative for protecting the holder of an allowed secured claim requires little explanation; if the holder of the claim is satisfied with its treatment under the plan, there is no need or justification for further scrutiny by the court").

Third, a debtor can modify a plan before or after confirmation under § 1323 or § 1329. A secured creditor can agree to a modification that incorporates the parties' loan modification agreement, much the same way the parties could incorporate the loan modification agreement into a debtor's plan as part of confirmation. In that context, the Court may consider the parties'

---

[3] In this opinion the terms "Bankruptcy Code," "section" and "§" refer to title 11 of United States Code, 11 U.S.C. § 101 et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. No. 109-8.

6

loan modification as part of the plan modification, which, of course, is still subject to the other restrictions in chapter 13 of the Bankruptcy Code.[4] See 11 U.S.C. § 1323(a) (requiring compliance with § 1322 for pre-confirmation modifications); 11 U.S.C. § 1329(b)(1) (requiring compliance with §§ 1322(a), 1322(b), 1323(c), and 1325(a) for post-confirmation modifications).

**IV.  CONCLUSION**

As a stand-alone motion, the Motion does not present the Court with any case or controversy.  Accordingly, the Motion is DENIED.  At the hearing on the Motion, the Court also held a continued hearing on the motion for relief previously filed by BAC.  Consistent with this opinion and order, the parties subsequently submitted a stipulation to resolve the relief motion (Doc. No. 64), which included the Modification.  The Court approved that stipulation by separate order (Doc. No. 65).  This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

ENTERED at Manchester, New Hampshire.


Date:  July 23, 2009                    /s/ J. Michael Deasy
                                        J. Michael Deasy
                                        Bankruptcy Judge

---

[4] Although the Debtors cited § 1329 in the Motion as the basis for the requested relief, that section deals with modifications of plans after confirmation.  The Debtors never styled the Motion as a motion to modify their plan.  In any event, the Debtors did not comply with the local rules on motions to modify.  Under Local Bankruptcy Rule 3015-4, debtors must include a proposed modified plan with such motions and serve the motions, the modified plan, and the statement of reason on the chapter 13 trustee and all creditors and parties who have requested notice.